# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RAMESH TURUVEKERE, | : |
| Plaintiff, | : CIVIL ACTION |
| | : NO. 12-5158 |
| v. | : |
| CONTINUSERVE, LLC and | : |
| CONTINUSERVE SOFTECH INDIA PVT. LTD., | : |
| Defendants. | : |

# MEMORANDUM

YOHN, J.                                                                                          November 28, 2012

Defendants ContinuServe, LLC ("ContinuServe") and ContinuServe Softech India Pvt. Ltd. ("Softech") move for dismissal of count V of plaintiff Ramesh Turuvekere's complaint for failure to state a claim upon which relief may be granted. For the reasons explained below, I will deny defendants' motion.

**I.     Background**[1]

The allegations in plaintiff's complaint arise from various disputes regarding plaintiff's employment with defendants. On October 8, 2006, plaintiff signed an employment agreement ("2006 Employment Agreement") with ContinuServe and Softech to become Softech's general manager. (Compl. ¶¶ 4-5.) Based on the 2006 Employment Agreement, plaintiff was eligible to participate in a bonus program and an equity inducement plan. (*Id*. ¶¶ 8,11.) Plaintiff states that

---

[1] The following summary is based on the allegations in plaintiff's complaint, which I assume to be true for purposes of defendants' motion to dismiss. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009).

although he was entitled to receive a bonus for the first three years of service under the bonus program, defendants failed to pay him a bonus in all three years. (*Id*. ¶ 10.)

Additionally, pursuant to the equity inducement plan, plaintiff was entitled to receive five LLC membership interest units in ContinuServe, to be vested according to a specific vesting schedule. (*Id*. ¶ 12.) On October 1, 2008, plaintiff was supposed to receive 1.5 membership units according to the vesting schedule, but ContinuServe only gave him one unit. (*Id*. ¶ 13.) Plaintiff's K-1 tax forms, given to him by ContinuServe's accountant for tax years 2007, 2008, 2009, and 2010, detail his one unit ownership interest in ContinuServe.[2] (*Id*.)

On October 1, 2009, plaintiff relocated from India to the United States and began his employment with ContinuServe, Softech's corporate parent, as an engagement manager with an annual base salary of $100,000. (*Id*. ¶¶ 14-15.) Around October 1, 2009, ContinuServe failed to give plaintiff the one membership unit owed to him under the vesting schedule. (*Id*. ¶16.) Additionally, ContinuServe failed to pay his November 2009 salary. (*Id*. ¶15.) In September 2010, ContinuServe unilaterally terminated plaintiff's employment. (*Id*. ¶17.) ContinuServe failed to pay plaintiff for the time he worked in September 2010, and it refused to vest any of the 1.5 membership units that were due to vest on October 1, 2010, pursuant to the equity inducement plan. (*Id*.) On March 7, 2012, when he received his 2011 K-1 tax form, he was notified that ContinuServe had unilaterally revoked the one membership unit it had previously given to him. (*Id.* at ¶ 19.)

In June 2012, plaintiff commenced the present lawsuit by filing a writ of summons in the

---

[2]Although plaintiff notes that under the vesting schedule he was not scheduled to receive any membership units until October 1, 2008, plaintiff details that the "membership interest units were actually awarded on a pro rated basis throughout the year."

Court of Common Pleas of Philadelphia County. (Notice of Removal ¶ 1.) On August 20, 2012, plaintiff filed and served his complaint on defendants. (Notice of Removal ¶ 2.) Defendants filed a motion to remove the proceedings to this court on September 11, 2012.

Plaintiff brings five causes of action in his complaint. In counts I and II, plaintiff alleges that defendant breached the 2006 Employment Agreement and its incorporated bonus program, and violated Pennsylvania's Wage Payment and Collection Law, by failing to pay him a bonus from 2006 through 2009. (*Compl.* ¶¶ 20-28.) In counts III and IV, plaintiff claims that defendants breached the 2006 Employment Agreement and its incorporated employee equity inducement plan, and violated Pennsylvania's Wage Payment and Collection Law by failing to give plaintiff the vested membership units and for taking away the one unit they did give him.[3] (*Id*. ¶¶ 30-45.) Finally, in count V, plaintiff alleges that defendants wrongly converted the one membership unit that plaintiff had previously received on October 1, 2008, by unilaterally revoking that membership unit. (*Id*. ¶¶ 46-48.)

## II.    Standard of Review

"To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A

---

[3] It is unclear from the complaint if plaintiff is requesting relief in count III based on defendants' action of unilaterally revoking the one membership unit given to plaintiff on October 1, 2008. In count III of the complaint, plaintiff states that by failing to grant him the vested units and "unilaterally revoking the one unit they did give him, ContinuServe and/or Softech have breached the contract with Mr. Turuvekere."(*Id.* ¶34.) However, in his request for relief contained in count III, plaintiff does not discuss the revoked membership unit and instead more generally requests "specific performance in the form of an award of units in ContinuServe corresponding to the vesting schedule...." (*Id.* 8.)

claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949.

In evaluating a motion to dismiss, a court should separate the "the factual and legal elements of a claim." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). The court "must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions." *Id*. at 210-11. The assumption of truth does not apply to legal conclusions couched as factual allegations or to "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 129 S. Ct. at 1949. Rather, the complaint must contain "'enough factual matter (taken as true) to suggest' the required element. This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 556) (internal citations omitted).

## III. Discussion[4]

In counts I-IV, plaintiff brings claims for breach of contract and violation of Pennsylvania's Wage Payment and Collection Law based on defendants' failure to pay plaintiff bonuses, failure to give plaintiff the vested membership units, and wrongful revocation of the one

---

[4] In their briefs the parties exclusively rely on Pennsylvania law. Additionally, the employment contract at issue in this case states that "this Agreement will be governed by and construed in accordance with the laws of the Commonwealth of Pennsylvania without regard to conflicts of law principles." (Compl. Ex. 1.) Thus, because the parties implicitly agree that Pennsylvania law applies and because the employment contract dictates that Pennsylvania law governs, I will apply Pennsylvania law in this case.

unit he had previously received. Count V is a claim for conversion, alleging that defendants unilaterally revoked the one membership unit they had awarded plaintiff on October 1, 2008. In their motion to dismiss, defendants argue that plaintiff's claim for conversion asserted in count V is barred by the gist of the action doctrine. (Mem. of Law in Supp. of Defs.' Mot. to Dismiss Count V of the Compl. ("Defs.' Mem.") at 32.) In response, plaintiff explains that the gist of the action does not bar his conversion claim because he has a property interest in the one membership unit, previously given to him in 2008. (Resp. to Defs.' Mot. to Dismiss Count V of the Compl. ("Resp.") at 2-3.)

The gist of the action doctrine "operates to preclude a plaintiff from re-casting ordinary breach of contract claims into tort claims." *Pittsburgh Constr. Co. v. Griffith*, 834 A.2d 572, 581 (Pa. Super. Ct. 2003). "The critical conceptual distinction between [these claims] is that the former arises out of 'breaches of duties imposed by mutual consensus agreements between particular individuals,' while the latter arises out of 'breaches of duties imposed by law as a matter of social policy.'" *Erie Ins. Exch. v. Abbott Furnace Co.*, 972 A.2d 1232, 1238 (Pa. Super. Ct. 2009) (quoting *Reardon v. Allegheny College*, 926 A.2d 477, 486-87 (Pa. Super. Ct. 2007)).

"Conversion is the deprivation of another's right of property in, or use or possession of, a chattel, without the owner's consent and without lawful justification." *Shonberger v. Oswell*, 530 A.2d 112, 114 ( Pa. Super Ct. 1987) (citing *Stevenson v. Economy Bank of Ambridge*, 197 A.2d 721, 726 (Pa. 1964)). Although "[t]he mere existence of a contract between the parties does not automatically foreclose the parties from raising a tort action, ... a party cannot prevail on its action of conversion when the pleadings reveal merely a damage claim for breach of contract." *Neyer, Tiseo & Hindo, Ltd. v. Russell*, No. Civ. 92-2983, 1993 WL 53579, at *4 (E.D. Pa. Mar.

5

2, 1993) (applying Pennsylvania state law). Thus, where the conversion and breach of contract claims are "inextricably intertwined, the success of the conversion claim depending entirely on the obligations as defined by the contract," the gist of the action doctrine bars the conversion claim. *Griffith*, 834 A.2d at 584. However, "[w]hen a plaintiff has a property interest in the thing that is the subject of a conversion claim, the gist of the action doctrine does not bar recovery under a conversion theory even though the property may also be the subject of a contract." *Orthovita, Inc. v. Erbe*, No. CIV.A.07-2395, 2008 WL 423446, at *6 (E.D. Pa. Feb. 14, 2008) ((citing *Berger Montague v. Scott & Scott*, 153 F. Supp. 2d 750, 753-54 (E.D. Pa. 2001) (citing *Bernhardt v. Needleman*, 705 A.2d 875, 879 (Pa. Super. Ct. 1998)))).

Plaintiff argues that defendants mischaracterize his conversion claim. He explains that his claim for conversion is not for failing to award him membership units due under the contract, but instead for unilaterally revoking the unit years after he received it. In his brief, plaintiff explains that because he had been previously awarded a membership unit, he had a property interest in that unit, and consequently his conversion claim is not barred by the gist of the action. (Resp. at 1, 3.)

In his brief, plaintiff cites *Bernhardt v. Needleman* to support his contention that his property interest in the unit allows his conversion claim to survive the motion to dismiss. A.2d 875 (Pa. Super. Ct. 1997). In that case, Bernhardt, an attorney, sued Needleman, also an attorney, for failing to turn over appropriate attorney fees to be shared from the proceeds of a settlement. *Id.* at 878-79. The court concluded that Bernhardt had a property interest in the settlement

proceeds and thus allowed him to bring claims for breach of contract and for conversion.[5] *Id; see also Integrated Waste Solutions, Inc. v. Goverdhanam*, CIV.A. 10-2155, 2010 WL 4910176 (E.D. Pa. Nov. 30, 2010) (holding that a conversion claim was not barred by gist of the action doctrine because company had property interest in its confidential business information.) Similarly, plaintiff argues that although he obtained the unit at issue in count V because of defendants' obligations under contract, at the time of conversion the unit had already been dispersed to him, and accordingly was his property. (Resp. at 1.) Like the plaintiffs in the above cases, plaintiff argues his property interest in the one membership unit requires this court to allow his conversion claim to proceed. (*Id.*)

Plaintiff also distinguishes the facts in his case from the facts of the three cases defendants rely on in their motion. In their motion to dismiss, defendants cite *Pittsburgh Constr. Co. v. Griffith*, 834 A.2d 572 (Pa. Super. Ct. 2003), *Vives v. Rodriguez*, 849 F. Supp. 2d 507 (E.D. Pa. 2012), and *Bengal Converting Servs., Inc. v. Dual Printing, Inc.*, CIV.A. 11-6375, 2012 WL 831965 (E.D. Pa. Mar. 13, 2012) to show that plaintiff's claim is barred by the gist of the action doctrine. In *Griffith*, the plaintiff contractor sued the defendant homeowners for breach of contract and conversion. 834 A.2d at 583. Based on the terms of the contract between the parties, the homeowners placed funds in an escrow account with a bank under the joint control of the parties to be disbursed incrementally from the bank to the contractor as the work was completed.

---

[5] Defendants argue that *Bernhardt* is not applicable to this current motion, because the court did not discuss the gist of the action doctrine. (Reply Mem. in Further Supp. of Defs.' Mot. to Dismiss Count V of the Compl.) However, in *Berger Montague v. Scott & Scott*, a federal case with a similar factual background, the court held that because an attorney had a property interest in the settlement proceeds, "the 'gist of the action' test...does not bar [him] from proceedings on both a breach of contract and conversion claim."153 F. Supp. 2d 750, 754 (E.D. Pa. 2001).

7

*Id.* When the homeowners refused to allow the bank to release the remaining payment from the escrow account, the contractor sued. *Id.* However, the court held that the contractor's conversion claim was barred by the gist of the action doctrine because "the success of the conversion claim depended entirely on the obligations as defined by the contract." *Id.* at 584. The funds were not under the sole possession of the contractor. In *Vives*, the court dismissed plaintiff's conversion claim because she simply alleged that the defendant failed to turn over profits from a sale of property due under an agreement. 849 F. Supp. 2d at 517. In *Bengal Converting Servs., Inc.,* the court dismissed plaintiff's conversion claim because it merely alleged that defendant failed to pay for goods purchased and delivered pursuant to a contract. 2012 WL 831965, at *4. Again, the funds had not been transferred to the plaintiff. Plaintiff argues that, "all of these conversion claims were essentially claims for breach of contract, i.e., failing to deliver what was promised under a contract, namely payment," (Resp. at 2) but the facts alleged in his conversion claim are different because he is not claiming that defendants failed to award him units due under the contract. Instead, he is alleging that defendants gave him one membership unit due under the contract, and then years later took it back. (*Id.* at 1.)

After carefully considering both parties' briefs and reviewing applicable case law, I conclude that the facts of the case as alleged in the complaint are sufficient to survive a motion to dismiss the conversion claim. In his complaint, plaintiff claims that he did not receive all of the units that had vested according to the vesting schedule. (Compl. ¶12.) However, he also alleges that he did receive one membership unit on October 1, 2008. (*Id.* ¶13.) Plaintiff further alleges that after he was fired ContinuServe unilaterally revoked the one unit previously given to him and in his possession. (*Id.* ¶19.) This is the basis of the conversion count and is sufficient to state

a plausible claim for conversion. "Courts have cautioned against deciding whether the gist of an action is in contract or tort at the motion to dismiss stage of a proceeding*." Weber Display & Packaging v. Providence Washington Ins. Co.*, CIV.A. 02-7792, 2003 WL 329141, at *41 (E.D. Pa. Feb. 10, 2003) (citing *Caudill Seed & Warehouse Co., Inc. v. Prophet 21, Inc.*, 123 F. Supp. 2d 826, 833 (E.D. Pa. 2000)). Additionally, courts have stated that Federal Rule of Civil Procedure 8(d)(2) allows parties to plead alternative theories of liability, regardless of their consistency. At the motion to dismiss stage courts should allow breach of contract and conversion claims to survive. *Berger Montague,* 153 F. Supp. 2d at 754.

Furthermore, I agree with the plaintiff that his conversion claim is materially different from the cases defendants rely on in their brief. In each case defendants cite, the conversion claims essentially restate that defendants failed to give plaintiffs what they were due under the contract. However, in plaintiff's complaint here, his conversion claim relies on allegations that defendants properly awarded him one membership unit due under the contract, and then years later took back that unit. Consequently, at this early stage of litigation, based on the allegations in the complaint, I will deny defendants' motion to dismiss. Further discovery on the factual allegations contained in count V may allow the defendants to argue the appropriateness of this conversion claim at a later date.

**IV. Conclusion**

For the reasons explained above, I will deny defendants' motion to dismiss count V of the complaint. An appropriate order follows.